UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RACHEL REGINA GRAHAM,**

    **Plaintiff,**

v.                                                            Case No: 5:24-cv-712-JSS-PRL

**SOCIAL SECURITY**
**ADMINISTRATION, SOCIAL**
**SECURITY DIVISION OF**
**DISAIBLITY, et al.,**

    **Defendants.**

_____

### ORDER

The Plaintiff, Rachel Regina Graham, who is proceeding *pro se*, filed this action against Defendants Social Security Administration, Social Security Division of Disability, Florida Department of Health Division of Disability, and Joseph Ladapo, M.D. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

    **I.**    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is

immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II. Discussion

As best can be discerned from the sparce allegations of the complaint, Plaintiff is dissatisfied with the disposition of a disability claim and believes it led to health problems, financial problems, and homelessness. Plaintiff's complaint (Doc. 1) seeks $150,000 in damages due to the lack of a timely response to a disability claim filed in 2017 and for emotional, physical, and mental distress. (Doc. 1). Although Plaintiff recites that she filed a disability claim that was denied in October of 2024, she purports to bring her claim under 42 U.S.C. § 1983 and alleges an unspecified violation of her civil rights. The entirety of Plaintiff's substantive allegations against the named defendants are as follows:

> DISABILITY CLAIM WAS FILED IN 2017/2019 DUE TO UNEMPLOYMENT AS A RESULT OF MULTIPLE ILLNESSES THAT WERE DIAGNOSED BUT DUE TO LACK OF RESPONSIVENESS TO CLAIM THAT HAS BEEN PENDING BUT NOW HAS BEEN DENIED AS OF OCTOBER 2024, ILLNESSES HAVE WORSEN CAUSING FURTHER PAIN, INFECTIONS AND PERSONAL INJURIES. A VIOLATION OF CIVIL RIGHTS ARE VERY EVIDENT AS A RESULT OF LOSS OF HEALTH, PERSONAL PROPERTIES, FINANCIES [sic] AND HOMELESSNESS HAS DEFINITELY AFFECTED MY LIFE IN ITS ENTIRETY.

(Doc. 1 at 4).

To the extent that Plaintiff seeks reconsideration of a decision of the Social Security Administration, her claims are more property directed to that agency, as it is unclear whether Plaintiff has a claim that is ripe for review by this Court under 42 U.S.C. § 405(g).

Otherwise, Plaintiff's allegations regarding civil rights violations are vague, conclusory, non-specific, and lack well-pled facts. In short, Plaintiff's allegations are far from

sufficient to state a claim. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has not alleged any viable basis for her civil rights claim under federal law or otherwise. The complaint fails to state a claim upon which relief can be granted. Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for her claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **February 6, 2025,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

- 4 -

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on January 7, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties